Case 4:25-cv-00185   Document 9   Filed on 06/11/25 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
June 12, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD DALE SPARTA, SPN #285748 | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-25-185 |
| JOHN M. GILBERT, | § § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Richard Dale Sparta, an inmate in custody at the Montgomery County Jail, has filed a complaint alleging state-law claims against his brother, John M. Gilbert. (*See* Docket Entry No. 1). He has submitted a filing that provides further details about his claims. (*See* Docket Entry No. 8). Sparta represents himself and has been granted leave to proceed without prepaying the filing fee.

After screening the pleadings under 28 U.S.C. § 1915, the court concludes that this case must be dismissed. The reasons are set out below.

**I.     Background**

Sparta alleges that his brother stole money from his bank account while Sparta has been in jail. (*See* Docket Entry No. 8 at 1; Docket Entry No. 1 at 6). Sparta seeks the return of $700.00 stolen from his bank account. (Docket Entry No. 1 at 4).

**II.    The Standard of Review**

Because Sparta has been granted leave to proceed without prepaying the filing fee, the court is required to scrutinize the pleadings and dismiss the case if it determines that the allegations are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary

relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). A complaint lacks an arguable basis in law "if it is based on an indisputably meritless legal theory." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (internal quotation marks and citation omitted).

### III.  Discussion

The threshold question is whether the court has subject matter jurisdiction to consider Sparta's claim.[1]

Unlike state courts, "[f]ederal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (explaining that federal courts have limited subject matter jurisdiction). A district court has the "responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985) (citations omitted); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

---

[1] In reviewing the pleadings, the court is mindful that Sparta represents himself. Courts construe self-represented litigants' pleadings under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the Fifth Circuit has "frequently instructed district courts to determine the true nature of a pleading by its substance, not its label." *Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (5th Cir. 2005).

Generally, federal courts only have authority to decide cases involving a federal question or a dispute between parties with diversity of citizenship. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006); 28 U.S.C. §§ 1331 and 1332. Because federal jurisdiction is not presumed to exist, the party invoking the jurisdiction of a federal court must show that jurisdiction exists. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). A district court may assess subject matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Wolcott v. Sebellius*, 635 F.3d 757, 762 (5th Cir. 2011) (citing *Ramming*, 281 F.3d at 161).

### A.  Federal Question Jurisdiction

One basis for subject matter jurisdiction is "federal question" jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In the Basis for Jurisdiction section of the form complaint, Sparta checked the box indicating that the court has "federal question" jurisdiction over his claim. Sparta alleges that his brother stole his money from his bank account. This claim arises, if at all, under state law. Because Sparta does not assert facts showing that he has a valid claim under federal law, the case does not present a federal question for purposes of jurisdiction under 28 U.S.C. § 1331.

### B.  Diversity Jurisdiction

A second basis for subject matter jurisdiction is diversity jurisdiction, which requires an amount in controversy exceeding $75,000.00, exclusive of interest and costs, and complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332; *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). "Complete diversity" of citizenship means that "all persons on one side of the controversy [must] be citizens of different states than all persons on the

other side." *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)).

According to the complaint, Sparta is a citizen of Texas who resides at the Montgomery County Jail. Although it is not entirely clear which state his brother is a resident of, Sparta seeks $700 in relief, which is less than the $75,000 amount in controversy that is required to establish diversity jurisdiction. Sparta has not met his burden to show that diversity jurisdiction exists.

Because no basis for federal jurisdiction appears on the face of Sparta's complaint, the court orders that the complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Nixon v. Att'y Gen. of Tex.*, 537 F. App'x 512, 512 (5th Cir. 2013) (per curiam) (affirming the district court's dismissal of a case under 28 U.S.C. § 1915(e)(2)(B) based on lack of subject matter jurisdiction when neither federal question or diversity jurisdiction was present); *Lilly ex rel. v. Univ. of Med. Ctr. Brackenridge*, Cause No. A-17-CV-39-LY, 2017 WL 11218931, at *1 (W.D. Tex. Feb. 28, 2017) (dismissing a case without prejudice for lack of subject matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B)).

## IV.   Conclusion

For the reasons stated above, the court orders that the civil action filed by Richard Dale Sparta is dismissed. The claims are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B) based on lack of subject matter jurisdiction. The dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g). The Clerk will provide a copy of this order to the plaintiff. The Clerk will

also send a copy to the manager of the Three Strikes List at Three_Strikes@txs.uscourts.gov. An Order of Dismissal is entered separately.

SIGNED on June 11, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge